IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ESTATE OF HENRY JOSEPH DARGER,<br><br>Plaintiff,<br><br>v.<br><br>KIYOKO LERNER, individually and as Executor of the Estate of Nathan Lerner, and as trustee of any trust established by Nathan Lerner, and The Nathan and Kiyoko Lerner Foundation,<br><br>Defendants. | Civil Action No.: 1:22-cv-03911<br><br>Honorable Thomas M. Durkin<br>Honorable Sheila M. Finnegan |

**THE ESTATE OF HENRY JOSEPH DARGER'S
RESPONSE TO DEFENDANTS' MOTIONS TO ADJUDICATE OBJECTIONS TO
INTERROGATORIES, REQUESTS TO ADMIT AND REQUESTS FOR
PRODUCTION**

The Estate of Henry Darger submits this response to Defendants' Kiyoko Lerner's, ("Lerner") three Motions to Adjudicate Objections [Dkt. Nos. 65, 66, and 67] (collectively, the "Motions"), and states as follows:

**INTRODUCTION**

On August 24, 2023, Lerner filed her first Motion to Adjudicate Objections. Instead of filing a brief in support of her motion she filed a sprawling 33 page deficiency letter that charged the Estate with acting in bad faith, unethical behavior, and substantial discovery deficiencies. The Court granted Lerner's motion with respect to Admissions 2 and 3, but denied the remainder of Lerner's motion without prejudice as to all of Lerner's other discovery requests. [Dkt. 50]. In an effort to avoid additional court intervention, the Estate has met and conferred with Lerner multiple times

1

over the course of several hours each time. The Estate produced documents on October 20, 2023 via secure download, and Lerner's counsel has had access to the Estate's production since at least October 2023. **Exhibit A.**

As part of the meet and confer process, Lerner agreed to revise some of her discovery requests to address the Estate's objections. Lerner resubmitted her requests and a new round of multiple meet and confers began. Despite these meet and confers, Lerner continued to charge the Estate with bad faith, unethical behavior, and substantial discovery deficiencies. She then demanded that the Estate respond to each of her discovery requests without objection so that she could have a "clean record usable at trial" – a position Lerner reasserts in her latest motions. [*See* Dkt. 67 at 3; *see also* Dkt. 65 at 3].

In her motions, Lerner asserts that the Estate is concealing: (i) evidence regarding what Mr. Darger told the Lerners before his death; and (ii) what Mr. Darger's relatives know about Mr. Darger and when they knew it. She asks the Court: (a) to overrule each of the Estate's objections arguing they are rote boilerplate objections; and (b) to compel the Estate to answer all interrogatories without objection. [Dkt. 65 at 5]. The fact that Lerner has filed three motions which in total exceed the page limited prescribed by Local Rule 7.1 belies her claim that the Estate's objections are rote boilerplate objections. *See Full Circle Villagebrook GP, LLC v. Protech 2004D, LLC*, No. 20 C 7713, 2022 WL2339947 at * 3 (N.D. Ill. June 29, 2022) (plaintiff's detailed discussion of defendant's various objections was contrary to plaintiff's assertion that the objections were unadorned boilerplate objections). Similarly, Lerner's three Motions largely ignore that the Estate *has* repeatedly provided responses to virtually every one of her discovery requests. The fact that she does not like the responses, or that the responses are subject to the Estate's objections does not mean that the Estate is seeking to "limit evidence" and is not a basis for a motion to compel. Her Motions also ignore the fact that she is seeking information the Estate does not have access to because certain documents

2

are within Lerner's custody, possession, or control such as her full financial records which she has refused to produce.

Moreover, Lerner cites virtually no case law in support of any of the arguments in her three Motions.[1] The failure to cite cases in support of an argument constitutes a waiver of that argument. *See Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir. 1996) ("Given our adversarial system of litigation, it is not the role of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel."); *Tyler v. Runyon*, 70 F.3d 458-65 (7th Cir. 1995) (deeming argument waived because litigant and attorney failed to cite case law or statutory authority); *Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 704 (7th Cir. 2010) ("[I]t is not this court's responsibility to research and construct the parties' arguments, and conclusory analysis will be construed as waiver."). Each of Lerner's Motions are conclusory. She cites no statutory authority and only one case. She places the burden on both the Court and the Estate's counsel to wade through and research her vague and conclusory arguments. Each of her Motions should be denied on that basis alone.

I. **The Estate's Response to Lerner's Interrogatories**

**Interrogatory No. 1:** Interrogatory 1 seeks"[e]ach statement that refers or relates to Henry Darger, Jr.'s disposition of, arrangements for, abandonment of, making a gift of, or intent for disposition of, all or part of his art materials or of his interest in his art materials that constitutes a basis for the allegations of the complaint." The Estate substantively responded to this interrogatory by stating, subject to its objections, Henry Darger Jr. made no arrangements for the disposition, abandonment of, or gifting of all or part of his art material or his interests in his art materials.

---

[1] Lerner cites *Antiaging Inst. of California, Inc. v. Solonova, LLC*, No. 215CV3416ABFFMX, 2016 WL 6920676, at *2 (C.D. Cal. June 29, 2016) for the proposition that unilaterally withdrawn interrogatories do not count against 25 numerical limited prescribed by Fed.R.Civ.P.33(a)(1).

The Estate objected on the bases that: (a) the Interrogatory seeks information covered by the attorney-client privilege; (b) the Interrogatory is compound, overly broad and burdensome because it seeks each statement related to ten (10) subparts[2] (c) the Interrogatory is overly broad and unduly burdensome because it requires the Estate to guess to which allegations in the Complaint the Interrogatory is referring; (d) the Interrogatory is overly broad, burdensome and not proportional because it obligates the Estate to identify statements made by anyone in the world without temporal restriction, and (e) the Interrogatory obligates the Estate to produce documents and information outside of its possession, custody or control. These are not boilerplate objections. They are well founded, specific and lengthy.

Presumably, Lerner has an idea of which claims she is seeking information about, but creates a guessing game for the Estate. The complaint is 23 pages long, contains 124 paragraphs and 9 Counts. Potentially, (but it is not at all clear), the allegations of the Complaint Lerner is concerned with are contained in Paragraphs, 44, 51, 55, 63, 119, 120.[3] But these allegations all assert that Lerner took the complained of actions *without* the Estate's or Henry Darger's authorization. The grounds for the allegations in these paragraphs, were that there were no "statements" giving Lerner the authorization to take control of the Darger Works and intellectual property, file copyright registrations in her own name, use the mark HENRY DARGER or use

---

[2] The subparts include the: (i) disposition of art materials, (ii) arrangements for art materials, (iii) abandonment of art materials, (iv) making a gift of art materials, (v) intent for disposition of art materials, (vi) intent for disposition of his interests in art materials, (vii) intent for arrangements of his interest in art materials, (viii) intent for abandonment of art materials, (ix) intent for making a gift of art materials, and (x) the intent for the disposition of his interests in the art materials.

[3] Paragraph 44 asserts that Lerner took control of the Darger Works under the false pretense that Darger had gifted her the Darger Works and underlying copyrights and IP in the Darger Works. Paragraph 51 asserts that at no point in time did the Estate authorize Lerner to file copyright registrations in the Darger Works in her own name. Paragraph 55 asserts that the Estate did not authorize Lerner to use the HENRY DARGER mark, or the name, identity, or likeness of Henry Darger. Paragraph 63 asserts that neither Henry Darger nor the Estate ever executed a written agreement transferring any copyrights or rights under copyright to Lerner. Paragraph 119 asserts that the tangible personal property consisting of or comprising the Darger Works became the property of the Estate. Paragraph 120 asserts that Lerner took the Darger Works and tangible personal property containing the Darger Works without the Estate's authorization.

Henry Darger's likeness. In the context of the allegations in the Complaint, the Estate's response that Henry Darger made no arrangements for the disposition, abandonment of, or gifting of the Darger Works or his interests in the Darger Works, is a substantive response to Interrogatory No. 1.

The Estate's objection to producing documents or disclosing information not within its possession, custody or control is well founded. Under Federal Rule of Civil Procedure 34(a)(1), a party is only required to produce documents that are within its "possession, custody, or control." Similarly, the Estate's objection that the interrogatory is not proportional is well founded. Requests seeking each or every statement are overbroad. *Duncanson v. Wine and Canvas IP Holdings LLC,* 2018 WL 2723913 at 6 (S.D. Ind. 2018) (finding request seeking "every email, text message, and Facebook post" the plaintiff has "ever participated in" in a copyright infringement case not proportional to the needs of the case). The Estate has sufficiently answered Interrogatory No. 1.

**Interrogatory No. 7:** Interrogatory 7 requests each statement "that refers or relates to a basis" for the allegations contained in the following paragraphs of the Complaint: 44, 54, 108, 97, 59, 91. It also requests each statement that refers or relates to a basis for the allegations contained on pages 2 and 3 of the Estate's response to Lerner's Motion to Dismiss. Lerner asserts that these allegations require "different proofs than mere negligence or statutory misconduct . . ." [Dkt. 65 at 4]. It is unclear how these "different proofs" support her position that the Court should compel the Estate to respond without objection, and she provides no case law to support her conclusory assertion.

Interrogatory No. 7 is not limited to statements that the Estate used as a basis for its allegations. It asks for *each* statement that *refers or relates* to the basis for a laundry list of specific allegations. This makes Interrogatory 7 overly broad, unduly burdensome, and vague. *Id*. The Estate objected on the bases that Interrogatory 7 sought: (i) information protected by the attorney-client

5

privilege, (ii) information unrelated to the litigation; (iii) information outside of plaintiff's possession, custody or control, (iv) information that is public information; (v) requested information already in Lerner's custody or control; and (vi) on the basis that the interrogatory was overly broad and burdensome. Lerner chides the Estate for failing to identify publicly available information equally available to Lerner. However, the Estate specifically references information available on officialhenrydarger.com and documents filed with the United States Copyright Office. Moreover, the Estate agreed to produce documents responsive to Interrogatory 7, and Lerner has had access to responsive documents since at least October of 2023. Subject to its objections, the Estate agreed to produce documents from which the answer could be derived or ascertained. The Estate's objections are well founded and specific. They are not rote boilerplate objections.

**Interrogatory No. 8:** Lerner represents in her Motion that Interrogatory 8 asks for the identity of each claimant. This is inaccurate. Interrogatory 8 asks the Estate to identify each *potential claimant* in this case, and provide *each* address of each potential claimant during the potential claimant's lifetime. Lerner defines the term potential claimant as referring to each relative of Henry Darger, Jr., currently living or dead. The Estate objected on the bases that: (i) the interrogatory was not relevant, overly broad, unduly burdensome, not proportional to the needs of the case and unlikely to lead to the discovery of admissible evidence; (ii) sought information outside the Estate's possession, custody or control; and (iii) obligates the Estate to make a legal determination as to who is eligible to be a plaintiff in this case. There is one plaintiff in the case – the Estate. Requiring the Estate to make a determination as to who could potentially bring a claim against Lerner is not proportional to the case. The identity of deceased relatives of Henry J. Darger Jr. and each address at which they resided during their lifetime is unrelated to the litigation and non-sensical. On what basis are the identities of deceased relatives and each address at which each relative lived during their lifetime relevant to the case? They are not. If Lerner wanted information related to a statute of

limitation defense, she should have asked. Interrogatory No. 8 goes well beyond that issue. The Estate's objections are reasonable and well founded. Subject to its objections, the Estate agreed to produce documents responsive to this Interrogatory. The Estate has already produced a family tree (which Lerner specifically references in Interrogatory No. 8), and an expert report generated by Heir Search which provides comprehensive information regarding relatives. The Estate has sufficiently answered this request.

**Interrogatory No. 10:** Interrogatory No. 10 asked the Estate to identify each statement of each potential claimant that refers or relates to Henry Darger, Jr. The Estate objected to the extent that this Interrogatory: (i) seeks information covered by the attorney-client privilege and work product doctrine, (ii) it is not proportional to the case because it requires the Estate to identify "each" statement made by every potential claimant referring or relating to Henry Darger Jr. without relation to this case, and without temporal restriction; (iii) seeks information outside of the Estate's possession, custody or control; and (iv) is duplicative of Interrogatory No. 8. Subject to its objections, the Estate agreed to produce documents responsive to this Interrogatory.

The Estate's objections are not boilerplate objections. This interrogatory again inappropriately asks the Estate to make a legal determination as to who is eligible to be a plaintiff in this case. Lerner's insistence that the Estate provide "each" statement is not proportional to the needs of the case because it necessarily encompasses information unrelated to the litigation. *See Zambrano v. Sparkplug Capital, LLC*, 2020 WL 1847396, at 4 (N.D. Ill. 2020) (holding as overbroad a request seeking "all" documents reflecting "any" allegation or conclusion that Plaintiff violated the law); *see also*, *Maui Jim, Inc. v. SmartBuy Guru Enterprises*, 2018 WL 4356594 at *4 (N.D. Ill. 2018) (holding as overbroad and vague, a request seeking "all documents that relate" to disputes); *Fields v. Wright Medical Technology, Inc.*, 2017 WL 3048867 at *3 (N.D. Ill. 2017) (finding a request seeking general information for a period of thirty (30) years overbroad and not sufficiently targeted); and

7

*Art Akiane LLC v. Art & Soul Works LLC,* 2020 WL 6509228 at 4 (N.D. Ill. 2020) (Judge Cole finding that "[d]iscovery requests without time limitation are generally (if not always) overbroad and do not withstand scrutiny.") The Estate's response to Interrogatory No. 10 is sufficient.

### **Lerner Exceeds Fed.R.Civ.P.33(a)(1)'s Limit of 25 Interrogatories.**

The interrogatories propounded by Lerner exceed the 25 numerical limit prescribed by Rule Fed.R.Civ.P.33(a)(1). The Estate understands that "[t]here is no bright-line test on how to count parts of interrogatories." *Jacks v. Directsat USA, LLC*, No. 10 C 1707, 2011 WL 382858, at *2 (N.D. Ill. Feb. 1, 2011). But here it is not even close. No matter how one counts discrete subparts, Lerner has exceed the number of interrogatories allowed.

Interrogatory No. 1 consists of at least six (6) discrete subparts: (i) disposition of art materials, (ii) arrangements for art materials, (iii) abandonment of art materials, (iv) making a gift of art materials, (v) intent for disposition of art materials, and (vi) intent for disposition of his interests in art materials.

Interrogatory No. 4 consists of at least two (2) discrete subparts: (i) statements referring or relating to the registration of the trade name HENRY DARGER; and (ii) statements referring or relating to the registration of any trademark that incorporates the name HENRY DARGER JR.

Interrogatory No. 6 consists of at least four (4) subparts: (i) each gift of Henry Darger, Jr. of his art materials to any person or organization at any time; (ii) Henry Darger Jr.'s disposition or plans for disposition of any part or all of his art materials at any time; (iii) Henry Darger Jr.'s disposition or plans for disposition of any part of or all of his interests in all of his art materials at any time; and (iv) Henry Darger, Jr.'s disposition or plans for disposition of any or all his personal property at any time.

Interrogatory No. 7 seeks each statement that refers or relates to nine (9) discrete subparts: (i) Lerner's intent to profit from the "officialhenrydarger.com domain name; (ii) Lerner's violation

8

of the UDPA; (iii) Lerner's willful intent to cause confusion and deception in the marketplace; (iv) Lerner's large scale enterprise of copyright infringement; (v) Lerner's willful intent to cause confusion, mistake or deception; (vi) Lerner's willful appropriation of Darger's name and likeness; (vii) Lerner's misappropriation of the trade name HENRY DARGER in connection with the domain name officialhenrydarger.com; (viii) Lerner's control of the Darger works under the false pretense the works were gifted to her; and (ix) Lerner's holding herself out as a representative of the Henry Darger Estate.

Interrogatory No. 9 consists of at least 4 discrete subparts: (1) whether each potential claimant has been contacted by the Estate about participation in this case; (ii) why a potential claimant has not been contacted; (iii) the identification of each potential claimant that has agreed to be represented by the Estate; and (iv) why each potential claimant has not agreed to be represented.

Interrogatory No. 11 includes two (2) subparts: (i) the date on which each "potential claimant" learned of his/her possible relationship to Henry Darger, Jr.; and (ii) each statement that refers or relates to when and how each "claimant" first learned of his/her possible relationship and of the art materials.

Lerner unilaterally "withdrew" Interrogatory Nos. 2, 6, 7, 9, and 12 after the Estate already responded to them. In her revised Interrogatory Requests, Lerner substantially revised Interrogatory 1 so that it was a new interrogatory and propounded new interrogatories. In its interrogatory responses, the Estate cited *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584 (C.D. Cal. 1999) for the proposition that every interrogatory served, should be counted against the numerical limited prescribed by Rule 33 of the Federal Rules of Civil Procedure. In *Walker*, the court found that every interrogatory which is served, and causes a responding party to undertake the burden of preparing and serving objections to the interrogatory, is counted against

9

the numerical 25 interrogatory limit for purposes of Rule 33(a). *Id*. Lerner cannot unilaterally withdraw interrogatories to which the Estate has responded or objected, and then argue that they do not count against the 25 interrogatory limit.

Lerner, in arguing that she can do exactly that relies on *Antiaging Inst. of California, Inc. v. Solonova, LLC*. No. 215-CV-3416 ABFFMX, 2016 WL 6920676, at *2 (C.D. Cal. June 29, 2016) Lerner's reliance on *Antiaging Inst. of California* is misplaced. In *Antiaging Inst. of California,* the plaintiff objected to every interrogatory on the basis that the defendant had exceeded the limit prescribed by Rule 33 by serving 39 interrogatories rather than objecting to interrogatories 26 through 30 on the basis that they exceeded the limit on interrogatories. *Id*. at *2. *Antiaging Inst. of California,* simply stands for the proposition that a responding party cannot refuse to answer every interrogatory on the basis that the interrogatories exceed the limit prescribed by Rule 33.

When a party is confronted with what it believes to be an excessive number of interrogatories, the appropriate course of action is to either move for a protective order before answering any interrogatories or "answer up to the numerical limit and object to the remainder without answering." *Fair Housing Center of Central Indiana v. Welton*, No. 18-CV-01098, 2019 WL 2422594 at *4 (S.D. Ind. June 10, 2019; (citing *Capacchione v. Charlotte-Mecklenburg Sch.*, 182 F.R.D. 486, 493 n.4 (W.D.N.C. 1998) (citing 7 Moore's Federal Practice § 33.30[1] )). Here, the Estate has answered up to the numerical limit and objected to the remaining interrogatories.

Finally, Lerner's request to exceed the limit of interrogatories should be denied. "[T]he party seeking leave 'must set forth a particularized showing' to exceed the limit of twenty-five interrogatories." *Howard v. Urban Inv. Trust, Inc*., No. 03-CV-7668, 2011 WL 976767 * 2 (N.D. Ill. March 18, 2011) (citing *Duncan v. Paragon Pub., Inc*., 204 F.R.D. 127, 128 (S.D. Ind. 2001)). Further, "the Court must limit discovery if (i) 'the discovery sought is unreasonably cumulative or

duplicative, or can be obtained from some other source that is more convenient, less burdensome, less expensive'; (ii) 'the party seeking discovery has had ample opportunity to obtain the information by discovery in the action'; or (iii) the burden or expense outweighs the likely benefit of the discovery." *Id.* (citing Fed.R.Civ.P.26(b)(2)(C)).

## II. The Estate's Response to Lerner's Requests for Production

In her motion to "Adjudicate Objections to Requests for Production" Lerner asks the Court to compel the Estate to produce documents not in the Estate's possession, custody or control arguing that to hold otherwise would change federal cases dramatically. [Dkt. 67. at 3]. At the same time, Lerner concedes that the law does not require the production of documents the Estate does not possess. [Dkt, at 4]. The law on this issue is well settled. Under Federal Rule of Civil Procedure 34(a)(1), a party is only required to produce documents that are within its "possession, custody, or control." Moreover, the bulk of Lerner's Requests for Production are overbroad, not sufficiently targeted, and lack a temporal limitation. The Estate's objections to Requests for Production Nos. 1, 7, 9, 11, and 12 are all reasonable and well-founded, and Lerner's motion to compel the Estate to respond to requests without objection should be denied.

**Request for Production No. 1:** RFP 1 seeks each document that refers or relates to Henry Darger, Jr's disposition of, arrangements for, abandonment of, making a gift of, or intent for disposition of all or part of his art materials or of his interests in his art materials authored by: (a) Henry Darger, Jr.; (b) Kiyoko Lerner; (c) David Berglund; (d) Nathan Lerner; and (e) any other person. The Estate objected on the basis that: (i) the RFP calls for the production of documents protected by the attorney-client privilege and work product doctrine, (ii) the inclusion of a catch all "any person" is overly broad, burdensome and not proportional; (iii) the RFP calls for the production of documents outside its possession, custody and control, (iv) the RFP seeks documents in the possession, custody or control of Lerner; and (v) the RFP seeks "each statement and

11

document" without any temporal restriction. Subject to its objections, the Estate agreed to produce responsive documents. The Estate's objections are not at all boilerplate objections. They are specific and well-founded. As stated above, under Federal Rule of Civil Procedure 34(a)(1), a party is only required to produce documents that are within its "possession, custody, or control." Similarly, a request seeking "all documents that relate" to disputes is overbroad and vague. *See Maui Jim, Inc.* at *4.

**Request for Production No. 7:** RFP 7 is duplicative of Interrogatory No. 7 discussed above. RFP 7 requests each document that refers or relates to a basis for allegations contained in the following paragraphs of the Complaint: 44, 54, 108, 97, 59, 91. It also requests each statement that refers or relates to a basis for the allegations contained on pages 2 and 3 of the Estate's response to Lerner's motion to dismiss.

The Estate objected to RFP No. 7 on the grounds that the RFP: (i) calls for the production of documents subject to the attorney-client privilege, (ii) the RFP is overly broad, unduly burdensome, vague, ambiguous and compound because it seeks the production of documents related to nine (9) topics; and (iii) that the RFP seeks documents in Defendant's possession, custody or control, or the possession, custody or control of third parties with whom Lerner communicated with or wrongly contracted with. Subject to its objections, the Estate agreed to produce responsive documents. Lerner has made no allegation that the Estate's document production is deficient. Moreover, discovery is still ongoing and the Estate only recently received Lerner's documents that are purportedly relevant to this litigation. The Estate's objections are well-founded and its response complies with its discovery obligations.

**Request for Production No. 9:** RFP 9 requests each document that refers or relates to when or how each potential claimant first learned of his/her possible relationship to Henry Darger, Jr. or to Mr. Darger's art materials or to Mr. Darger's interest in his art materials. The Estate

12

objected to the RFP on the basis that it: (i) seeks documents subject to the attorney-client privilege, and (ii) is overly broad and burdensome because it is compound and duplicative of RFP 8, which seeks the production of documents transmitted between the Estate and a potential claimant that refers or relates to Henry Darger, Jr. The Estate has already agreed to produce documents responsive to RFP 8. It is unclear what additional documents would be responsive to RFP 9.

**Request for Production No. 11:** RFP 11 requests the production of each document that refers or relates to a basis for three separate allegations contained in paragraph 97 of the Complaint. The Estate objected to RFP 11 on the grounds that the RFP: (i) calls for the production of documents subject to the attorney-client privilege, (ii) the RFP is overly broad, unduly burdensome, vague, ambiguous and compound because it seeks the production of documents related to three (3) separate topics; and (iii) that the RFP seeks documents in Defendant's possession, custody or control, or the possession, custody or control of third parties with whom Lerner communicated with or wrongly contracted with. Subject to its objections, the Estate agreed to produce responsive documents. The Estate's objections are reasonable and its response is sufficient. Discovery is still ongoing and the Estate is in the process of obtaining documents from various third parties with whom the Estate believes Lerner has communicated because Lerner refuses to produce the relevant documents herself.

**Request for Production No. 12:** RFP 12 requests each document that refers or relates to each item of damages claimed and each calculation used to arrive at each damage amount. The Estate objected to the RFP on the basis that it: (i) seeks documents subject to the attorney-client privilege; (ii) is premature since it seeks disclosure of expert testimony; (iii) seeks documents already in Lerner's possession, custody or control; and (iv) is duplicative of RFP 10 which seeks the production of documents related to "financial profit." The Estate has already agreed to produce documents responsive to RFP No. 10. It is unclear what additional documents would be responsive

13

to RFP No.12 that Lerner is seeking to compel. Moreover, the Estate does not have the calculation for all of the damages at this time because Lerner refuses to produce documents that would include this information. These documents are a subject of the Estate's motion to compel.

### III. The Estate's Response to Lerner's Requests for Admission

The purpose of requests for admission under Rule 36 is not necessarily to obtain information, but to narrow the issues for trial that are genuinely contested. *Vergara v. City of Waukegan*, No. 04 C 6586, 2007 WL 3334501, at * 1 (N.D. Ill. Nov. 6, 2007). Except for in rare circumstances, a request for admission should be drafted in a way that can be answered yes, no, the answerer does not know, or a very simple direct explanation given as to why he cannot answer, such as in the case of privilege. *Id*. The standard for a request for admission is to phrase direct simple facts that can be admitted or denied without explanation. *Id*. The majority of Lerner's requests for admission are improper.

**Request for Admission No. 6.** RFA 6 asks the Estate to admit or deny that no one other than Henry Darger, Jr., Nathan Lerner, Kiyoko Lerner, David Berglund and some of Mr. Darger's neighbors know about or had seen Mr. Darger's art materials before Mr. Darger's death. The Estate objected to the Request on the basis that the defined term "Mr. Darger's neighbors" is vague, overly broad, unduly burdensome. Lerner defines the term "Mr. Darger's neighbors" as people living within his apartment building or nearby his apartment. The Estate's objection is well-founded. The term "Mr. Darger's neighbors" identifies no specific persons. Instead, it refers generally to people living within his apartment building or near his apartment building.

**Request for Admission No. 25.** RFA 25 asks the Estate to admit or deny that Nathan and Kiyoko Lerner relied on Henry Darger, Jr.'s statement that he gave all of his art materials to Nathan Lerner when Lerner took control of Mr. Darger's art materials. The Estate objected to the Request on the ground that it seeks facts about the subjective state of mind Nathan Lerner and Kiyoko

14

Lerner. The Estate denied that Mr. Darger gave his art materials to Nathan Lerner and denied the Request. The Estate's objections are appropriate and its answers to the requests are sufficient.

## CONCLUSION

The Estate respectfully requests that this Court deny Lerner's three Motions to Adjudicate Objections, order Lerner to reimburse The Estate for its reasonable attorneys' fees under Fed. R. Civ.P. 37(a)(5)(A) in responding, and grant The Estate all other relief the Court deems just and proper.

Dated: January 29, 2024              Respectfully submitted,

                                     ESTATE OF HENRY JOSEPH DARGER,


                                     By: /s/Marcus S. Harris

                                         Marcus S. Harris
                                         Derrick M. Thompson
                                         Gabrielle Ganze
                                         TAFT STETTINIUS & HOLLISTER LLP
                                         111 E. Wacker Drive, Suite 2600
                                         Chicago, Illinois 60601
                                         Phone: (312) 836-4063
                                         Fax: (312) 966-8598
                                         mharris@taftlaw.com
                                         dthompson@taftlaw.com
                                         gganze@taftlaw.com




                                         *Counsel for Plaintiff Estate of Henry Joseph Darger*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused the foregoing to be electronically filed with the Court using CM/ECF which will send notification of such filing to all counsel of record.

/s/ Marcus Stephen Harris