UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ESTATE OF HENRY JOSEPH DARGER,<br><br>Plaintiff,<br><br>v.<br><br>KIYOKO LERNER, INDIVIDUALLY, AND AS EXECUTOR OF THE ESTATE OF NATHAN LERNER, AND AS TRUSTEE OF ANY TRUST ESTABLISHED BY NATHAN LERNER, AND THE NATHAN AND KIYOKO LERNER FOUNDATION,<br><br>Defendants. | No. 22 C 03911<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

On September 28, 2026, the Court denied the parties' cross-motions for summary judgment. Before the Court is Defendant's motion for reconsideration, which requests that the Court grant summary judgment on her statute of limitations defense or, alternatively, on Count VIII, which alleges a violation of the Anticybersquatting Consumer Protection Act ("ACPA"). For the reasons set forth below, the motion is denied.

**Background**

The Court detailed the factual background of this case in its September 28, 2026, Memorandum Opinion and Order, which is incorporated here by reference. *See* R. 199. For purposes of resolving the present motion, the Court recounts only those facts relevant to the issues raised.

Henry Darger was a reclusive artist who died intestate in 1973. The record suggests that Darger had no close familial relationships at the time of his death. Either shortly before or after his death—the record is conflicting—Darger's artistic works were discovered by his landlord, Nathan Lerner. The parties dispute whether Darger gifted or abandoned those works.

Darger's art was first publicly displayed in 1977. In the following decades, numerous articles mentioning Darger and his works were published in the *Chicago Tribune* and *Chicago Sun-Times*. *See* R. 155-1. Most of these articles were published after 1990 and appear primarily in the newspapers' Arts sections. At least two articles from the 1970s referred to the artist as "Henry Dargarius." *Id.* at 77, 79.

Following Nathan Lerner's death, his wife, Kiyoko Lerner ("Kiyoko"), succeeded to his claimed interests in Darger's works and copyrights. Over the ensuing decades, Kiyoko sold, donated, exhibited, reproduced, and licensed Darger's works. In 2005, she entered an agreement with Artists Rights Society ("ARS"), identifying herself as "executor of the estate of Henry Darger" and authorizing ARS to license reproductions of Darger's works. In 2015, Kiyoko registered and launched officialhenrydarger.com, a website displaying Darger's works and directing licensing inquiries to ARS. Neither Nathan nor Kiyoko was ever appointed as the legal representative of Darger's Estate.

On September 28, 2026, the Court denied the parties' summary judgment motions. Kiyoko now seeks reconsideration of the Court's rejection of her statute of limitations defense, contending that the Court failed to consider whether reasonable

persons in the position of Darger's descendants should have discovered their claims. Alternatively, Kiyoko argues that summary judgment should be entered in her favor on Count VIII because the record establishes that she did not act with bad faith as required by the ACPA.

**Legal Standard**

Defendant moves under Federal Rule of Civil Procedure 59 to vacate portions of the Court's order denying the parties' cross-motions for summary judgment. R. 199. Because that ruling did not dispose of the case or result in a final judgment, Rule 59 does not govern. Rather, the motion is properly considered under Rule 54(b), which permits a court to revise an interlocutory order at any time before entry of final judgment. Fed. R. Civ. P. 54(b); *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012) (distinguishing motions to vacate under Rule 59(e), which follow final orders, from reconsideration motions under Rule 54(b), which follow interlocutory orders).

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (internal citations omitted). Grounds supporting reconsideration "rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A motion for reconsideration is not an opportunity to relitigate matters already decided or advance arguments that could have been raised earlier. *CBI Indus., Inc.*, 90 F.3d at 1270. Accordingly, the Court considers whether Defendant has identified a sufficient basis to revisit its prior

ruling, rather than simply expressing disagreement with the Court's resolution of its summary judgment motion.

## Discussion

### I. Statute of Limitations

The Court found that summary judgment on statute of limitations grounds was precluded by the discovery rule, which delays the running of the limitations period until a plaintiff knows, or reasonably should know, that the defendant was violating her rights. *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014) (quoting *Gaiman v. McFarlane*, 360 F.3d 644, 653 (7th Cir. 2004)). Defendant argues that reconsideration is warranted because the Court misapprehended the governing legal standard, neglecting to analyze whether prospective claimants reasonably should have known about their claims. The Court disagrees.

The Order stated and applied the correct standard. Defendant argued that Darger's acclaim, as evidenced by public exhibitions and decades of newspaper coverage, put reasonable potential claimants on notice of their claims. The Court considered that evidence and found that it established that Darger's existence and artistic reputation were publicly knowable. The discovery rule, however, requires more: the rule does not turn on whether information about Darger was publicly available, but instead on whether a reasonably diligent claimant should have discovered an injury and its potentially wrongful cause.

In finding the record sufficient to invoke the discovery rule, the Court considered Darger's absence of close familial relationships. Contrary to Defendant's assertion, that circumstance bears directly on the objective inquiry. A relative who knew Darger personally might reasonably be expected to recognize the significance of publicity concerning his works. The same cannot necessarily be said of a distant relative unaware of any familial connection. Nor does the newspaper coverage compel a different conclusion. Although Defendant emphasizes the volume of articles, many mention Darger only in passing, and few, if any, appeared outside the newspapers' arts sections. The fact that such articles were published in Chicago newspapers does not establish that a reasonably diligent distant relative should have encountered them, recognized a potential relationship to Darger (referred to in some articles as Dargarious), and investigated whether the Lerners were wrongfully exercising rights belonging to his Estate.

For the same reasons, Defendant's assertion that Darger's "art and the exhibitions and sales of them were obvious" does not establish as a matter of law that a reasonable prospective claimant should have known of Darger, recognized a potential familial relationship, and investigated whether the Lerners' exercise of ownership rights was wrongful. R. 204. Accordingly, Defendant's motion for reconsideration as to her statute of limitations defense is denied.[1]

---

[1] Defendant's reliance on *Hayden v. Koons*, 183 F.4th 136 (2d Cir. 2026), is unpersuasive. There, the plaintiff himself was the creator of the allegedly infringed work, was actively involved in the relevant artistic community, and avidly consumed news during a period of extensive publicity surrounding the allegedly infringing artwork. *Id.* at 144–47. Here, by contrast, the prospective claimants were

## II. ACPA Bad Faith Intent

Defendant also seeks reconsideration of the Court's denial of summary judgment on Count VIII, arguing that the record contains no evidence of her bad faith intent to profit under the ACPA. Defendant's argument rests principally on the assertion that the Lerners relied on Darger's purported gift or abandonment of his works and therefore necessarily acted in good faith. But as the Court already explained, whether Darger gifted or abandoned his works cannot be resolved at summary judgment. Thus, the Court cannot conclude at this stage that the Lerners relied in good faith on those purported acts in asserting ownership over Darger's works and associated rights.

Defendant's argument that the Estate's admission that it lacks knowledge of the Lerners' subjective state of mind serves as dispositive evidence of good faith is similarly misplaced. As the Court previously explained, bad faith may be inferred from objective circumstances, including but not limited to Defendant's registration and use of the domain name to direct licensing inquiries through an entity from which she received revenue. R. 199 at 25–26. Defendant offers no basis to disturb the Court's conclusion that the record permits competing reasonable inferences concerning her intent. Accordingly, reconsideration as to Count VII is denied.

---

distant relatives with no established knowledge of their relationship to Darger, much less of any ownership interest in his artwork. Moreover, *Hayden* expressly recognized that widespread publicity is only one factor in the constructive discovery inquiry and that copyright owners are not expected to "scour the news" for potential infringements. *Id.* at 147. Thus, *Hayden* does not establish that publicity surrounding Darger's artwork, without more, placed his distant relatives on constructive notice of the Estate's claims.

## CONCLUSION

For the foregoing reasons, the Court denies Defendant's motion for reconsideration.

ENTERED:

Thomas M Durkin

Honorable Thomas M. Durkin
United States District Judge

Dated: November 16, 2026